## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| LILA NACKOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:11-cv-00279 |
| | § | |
| COMMERCIAL RECOVERY SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

LILA NACKOS ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Flower Mound, Denton County, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company with an office in Dallas, Texas.

## FACTUAL ALLEGATIONS

10. In or around February of 2011, Defendant began placing collections calls to Plaintiff.

11. Since calls began, Plaintiff has received typically three calls per day, but was unable to answer because she was working.

12. On or around April 29, 2011, Defendant called Plaintiff and demanded payment for an alleged debt but refused to reveal the original creditor.

13. On that date, Plaintiff requested a writing verifying the debt. Defendant's representative, Barbara Smith ("Smith"), refused to identify the original creditor and said she would not provide anything in writing evidencing the debt. Plaintiff demanded the calls stop and hung up on Smith. Smith would call Plaintiff back three more times that day.

14. Also on that date, Defendant called Plaintiff's daughter's residence and informed her that Plaintiff owes a debt and that payment is demanded.

15. Defendant places collection calls to Plaintiff from 214-324-9575 leaving a message to return the call to 800-214-5301.

16. The calls continued unabated, three times per day, until May 1, 2011.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties regarding Plaintiff's alleged debt;

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, LILA NACKOS, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

18. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Michael Agruss, Esq.
Michael S. Agruss (CA SBN: 259567)
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: (866) 620-2956
Email: magruss@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LILA NACKOS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, LILA NACKOS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LILA NACKOS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

05-05-2011
Date

LILA NACKOS